IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WILLIAM GLASS, ) | |
| ) | |
| Plaintiff, ) | Case No. 15 C 10041 |
| v. ) | |
| ) | Judge Robert W. Gettleman |
| ALLIED WASTE TRANSPORTATION, INC., d/b/a ) | |
| Republic Services of Chicago, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff William Glass has sued Defendant Allied Waste Transportation, Inc. d/b/a Republic Services of Chicago, alleging wrongful discharge in violation of plaintiff's rights under the Family Medical Leave Act, 29 U.S.C. §§ 2601 et seq. (Count I), and retaliation under Illinois state law (Count II). Defendant has moved pursuant to Fed. R. Civ. P. 39 to strike plaintiff's jury demand, arguing that plaintiff knowingly and voluntarily waived his right to a jury trial through a contractual agreement with defendant. For the reasons described below, defendant's motion is granted.

## FACTS

Defendant provides waste collection, recycling, and disposal service to residential, commercial, and industrial customers. Plaintiff was employed by defendant as an industrial driver from June 18, 2012, until November 5, 2013. As a condition of defendant considering his employment application and, if hired, his employment, plaintiff executed a jury trial wavier agreement ("the Waiver") on June 1, 2012, in which he agreed to waive his right to request or demand a jury trial with respect to any lawsuit between him and defendant.

The Waiver was presented to plaintiff on a single page at the end of plaintiff's employment application, and was clearly labeled "JURY TRIAL WAIVER AGREEMENT" in bold and capital letters. The Waiver stated that it "constitutes the entire agreement and understanding" between plaintiff and defendant and "supersedes any prior agreements and understandings, whether written or oral, related to this subject matter." The Waiver provided that it "cannot be revoked or modified except by a written agreement, signed by [plaintiff] and the General Counsel of the Company." The final paragraph above the Waiver's signature line provided in all capital letters and in bold face type that plaintiff understood that he was giving up and waiving his right to a jury trial, "KNOWINGLY, INTELLIGENTLY, VOLUNTARILY, AND FREE FROM DURESS OR COERCION." Finally, the Waiver specifically permitted plaintiff to "consult with any attorney of [his] choosing" regarding the Waiver, and that he could "take as much time as [he wanted] to consider [the Waiver]."

Through a letter (the "employment agreement") received on June 4, 2012, defendant offered plaintiff employment, informing him that his employment would be governed by a collective bargaining agreement ("CBA") in place between defendant and Union Local 731 (the "Union"). The letter did not refer to the Waiver. To accept the offer, plaintiff signed a form attached to the employment agreement that stated: "I understand all terms offered to me and accept employment on these terms. I agree that no other promises have been made to me."

Plaintiff's employment with defendant was subsequently terminated after an investigation revealed that plaintiff repeatedly failed to follow company policy and received numerous corrective reports as part of defendant's discipline system. Plaintiff alleges that he was wrongfully disciplined and discharged under state and federal law.

**DISCUSSION**

Defendant has moved to strike plaintiff's jury demand, arguing that by signing the Waiver, plaintiff knowingly and voluntarily waived his right to a jury trial concerning all matters relating to his employment with defendant. Although the Seventh Amendment to the United States Constitution guarantees the right to a jury trial in civil cases, this right is waivable. Whirlpool Fin. Corp. v. Sevaux, 866 F. Supp. 1102, 1105 (N.D. Ill. 1994). Such a waiver, however, must be made knowingly and voluntarily. In re Reggie Packing Co., Inc., 671 F. Supp. 571, 573 (N.D. Ill. 1987).

Plaintiff first contends that the Waiver is invalid, arguing that the Union was authorized to act as his exclusive bargaining agent, and that the Waiver was not authorized under the applicable CBA. Relying on 14 Penn Plaza LLC v. Pyett, 556 U.S. 247 (2009), plaintiff argues that jury waiver, like the question of whether employment-related discrimination claims, may be brought in court or subject to arbitration, is a condition of employment that is subject to mandatory bargaining under Section 159(a) of the National Labor Relations Act. In 14 Penn Plaza LLC, however, the Court held only that a union can agree collectively to arbitrate an ADEA claim, not that the issue had to be bargained collectively. Id. at 274. ("We hold that a collective bargaining agreement that clearly and unmistakably requires union members to arbitrate ADEA claims is enforceable as a matter of federal law."). The decision was based, in large part, on the Court's earlier decision in Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 28-29 (1991), which held that an individual may agree to arbitrate an ADEA claim because "the mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration."

Defendant correctly notes that the plain language of the applicable CBA applied only to defendant's "employees." When he executed the Waiver, plaintiff was not yet a member of the

3

bargaining unit. Plaintiff executed the Waiver as part of his application process, well before he became an employee. Further, the CBA provides that newly hired employees who have worked fewer than 60 days or less than 90 calendar days do not have bargaining unit rights under the CBA. Therefore, the Union would not have had any right to negotiate the terms of the Waiver within that period, or as a part of plaintiff's application process. Consequently, the Waiver is valid despite the Union's authority to act as plaintiff's exclusive bargaining agent throughout his employment.

Plaintiff next argues that even if the Waiver was valid at the time it was entered, it was supplanted or superseded by the CBA. Defendant responds that because plaintiff was not a member of the Union when he executed the Waiver, and not covered by the CBA, and because the two agreements did not cover the same subject matter, the Waiver was not superseded by the CBA. The court agrees with defendant.

Under Illinois law, an earlier contract is superseded by a later contract when: (1) both contracts deal with the same subject matter; (2) the two contracts contain some inconsistences which "evince[ ] the conclusion that the two parties intended for the second contract to control their agreement and to supersede the first contract"; and (3) the later contract "reveal[s] no intention by the parties to incorporate any of the terms of the first contract." Courtois v. Millard, 174 Ill. App. 3d 716, 720 (Ill. App. Ct. 5th Dist. 1988). In the instant case, the CBA clearly states that its purpose is to "establish the hours, wages, and other conditions of employment, and to adopt measures for the settlement or difference and to maintain a cooperative relationship so as to prevent interruptions by boycotts, strikes, or lockouts." The CBA provides no rights to employees who are part of its bargaining unit relating to litigation following the termination of an employee's employment or, more specifically, the employee's right to a jury trial. In contrast, the Waiver

specifically relates to the rights and obligations relating to defendant's and plaintiff's right to a jury trial. The Waiver and the employment agreement do not cover the same subject matter, and the CBA does not purport to cover plaintiff's right to a jury trial after he was terminated.

Plaintiff alternatively argues that the Waiver is supplanted or superseded by the employment agreement he signed on June 4, 2012. He offers no support for this argument. The Waiver specifically indicates that it cannot be superseded or revoked "except by a written agreement, signed by [plaintiff] and the General Counsel of the Company," and nothing in the employment agreement purports to do that. Thus, the court concludes that the Waiver was not supplanted or superseded by the CBA or the employment agreement.

Next, plaintiff argues that the Waiver is invalid because it was not supported by adequate consideration. Plaintiff argues, relying on Keefe v. Allied Home Mortgage Corporation, 393 Ill. App. 3d 226(2009), that defendant's promise lacked consideration because its performance was "optional." In Keefe, however, the court found that a party's mere "promise to arbitrate" was neither empty nor optional. Keefe, 393 Ill. App. 3d at 230.

Consideration is "a bargained-for exchange whereby the promisor receives some benefit or the promisee suffers detriment." LKQ Corp. v. Thrasher, 785 F. Supp. 2d 737, 739 (N.D. Ill. 2011). By "waiving the right to have a jury trial, both parties have suffered a detriment because they have given up a significant legal right." See Johnson v. Harvest Mgmt. Sub TRS Corp.--Holiday Ret., 2015 WL 5692567, at *2 (S.D. Ind. 2015). In the instant case, both defendant and plaintiff received a benefit and suffered a detriment through the execution of the Waiver. Defendant offered plaintiff the benefit of considering his application for employment, and gave up its own right to a

5

jury trial, in exchange for plaintiff's waiver of his right to demand a jury. Thus, the court concludes that the Waiver was supported by sufficient consideration.

Finally, plaintiff argues that the Waiver was not executed knowingly and voluntarily under the standard set forth in Whirlpool Fin. Corp. v. Sevaux, 866 F. Supp. 1102 (N.D. Ill. 1994). In Whirpool, the plaintiff credit corporation sued the defendant debtor alleging that the defendant had failed to pay on a note that he had executed. The defendant demanded a jury trial. Id. The plaintiff had a copy of the six-page note sent to defendant via mail, which contained a clause stating that defendant "irrevocably and unconditionally waives all right to a jury trial." Whirlpool, 866 F. Supp. at 1104. The court considered four factors to determine whether a contractual waiver of the right to jury trial was entered into knowingly and voluntarily: (1) the parties' negotiations concerning the waiver provision, if any; (2) the conspicuousness of the provision; (3) the relative bargaining power of the parties; and (4) whether the waiving party's counsel had an opportunity to review the agreement. Whirlpool, 866 F. Supp. at 1103.

Applying those factors, the Whirlpool court concluded that the parties had never discussed the waiver provision in the note and, because the waiver constituted only three lines in a six-page form loan agreement, the waiver was not sufficiently conspicuous Id. The defendant was in desperate need of cash, and therefore had less bargaining power than the plaintiff, and the defendant did not have the opportunity to have counsel evaluate the note. Id. Under those circumstances, the court held that defendant's signing of the note did not waive his right to a jury trial. Id. at 1106.

In the instant case, although plaintiff did not have the opportunity to negotiate the Waiver, plaintiff executed the Waiver in the presence of defendant. The Waiver was presented to plaintiff on a single page following plaintiff's employment application, and was clearly labeled "JURY TRIAL WAIVER" in bold, capital letters at the top of the page. The final paragraph above the Waiver's signature line provided in all capital letters and in bold face type that plaintiff understood he was giving up and waiving his rights to a jury trial, "KNOWINGLY, INTELLIGENTLY, VOLUNTARILY, AND FREE FROM DURESS OR COERCION." Thus, the court finds that the Waiver was conspicuous.

Next, as the opinion in IFC explains, unequal bargaining power and form contracts do not invalidate the plain language of a jury trial waiver. IFC Credit Corp. v. United Bus. & Indus. Fed. Credit Union, 512 F.3d 989, 993 (7th Cir. Ill. 2008). Such agreements are upheld where the plain language of the contract includes an express waiver of the right to a jury trial, "even in form contracts." Allaway v. Prospect Mortg., 2013 WL 6231382 (N.D. Ill. 2013). Finally, the Waiver specifically permitted plaintiff to "consult with any attorney of [his] choosing" regarding the waiver, and that he could "take as much time as [he wanted] to consider [the waiver]." Therefore, the court concludes that plaintiff waived his right to a jury trial knowingly and voluntarily.[1]

---

[1] Because there are no disputed issues of fact there is no need to hold an evidentiary hearing as requested by plaintiff.

## CONCLUSION

For the foregoing reasons, defendant's motion for an order striking plaintiff's jury demand (Doc.22) is granted. This matter is set for a report on status for December 1, 2016, at 9:00 a.m.


**ENTER:** November 3, 2016

_____
**Robert W. Gettleman
United States District Judge**